IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATI JOHNS, individually, and on behalf of a class of other similarly situated employees,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PANERA BREAD COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 4:08CV1105 (JCH)<br><br>Judge:　Hon. Jean C. Hamilton |

**ORDER TO:
(1) PROVISIONALLY CERTIFY A SETTLEMENT CLASS;
(2) PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT;
(3) DIRECT DISTRIBUTION OF NOTICE TO THE CLASS;
(4) CONDITIONALLY APPROVE FILING OF A SECOND AMENDED COMPLAINT;
AND (5) SET A FINAL APPROVAL HEARING**

On November 4, 2008, Plaintiff PATI JOHNS ("Plaintiff"), individually and on behalf of the settlement Class, and Defendants PANERA LLC and PANERA BREAD COMPANY ("Defendants"), entered into a class action settlement, the terms and conditions of which are set forth in the Parties' Class Action Settlement Agreement and Stipulation (hereafter, the "Settlement" or "Settlement Agreement"). Unless otherwise provided in this Order, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement.

The Court having reviewed the papers and documents presented, hereby makes the following findings and rulings.

IT IS HEREBY ORDERED:

1. The Court GRANTS preliminary approval of the terms and conditions contained in the Settlement Agreement. The Court finds that the terms of the Settlement Agreement are within the range of possible approval at the final approval hearing.

2. The Court FINDS that the following class should be preliminarily certified for settlement purposes only: All salaried employees who worked for at least one full day as a regular, full-time General Manager in a Panera-owned café located in California between February 22, 2004 and the date the Court enters its order granting preliminary approval of the settlement provided by the Settlement Agreement.

3. The Court APPROVES The Garden City Group, Inc. as Claims Administrator for the purpose of this Settlement.

4. The Court APPOINTS Stueve Siegel Hanson LLP and Girard Gibbs LLP as Class Counsel, for settlement purposes only. The Court also APPROVES the Named Plaintiff, Pati Johns, as the class representative for the settlement Class.

5. The Court hereby APPROVES the proposed form of Class Notice. The Court finds that the Class Notice and Notice Plan along with the related notification materials constitutes reasonable notice practicable under the circumstances and is in full compliance with applicable law. The Court further finds that the notifications fully and accurately inform the Class Members of all material elements of the Settlement Agreement, of the Class Members' right to be excluded from the Class, and of each Class Member's right and opportunity to object to the Settlement. The Class Notice shall be sent via first class mail to the most recent known address of each Class Member no later than 30 days after the date of this Order.

6.  The Court APPROVES the proposed procedure for submitting requests for exclusion from the Class. Any Class Member requesting to be excluded from the Class must mail or deliver an original, signed Request for Exclusion to the Claims Administrator such that it is hand-delivered or postmarked no later than 45 days after the date on which the Class Notice is mailed. Any Class Member who submits a valid and timely request for exclusion shall no longer be a member of the Class, shall be barred from participating in this Settlement and shall receive no benefit from this Settlement. Any Class Member who does not submit a timely request for exclusion shall be bound by the terms of the Settlement, even if such Class Member has previously initiated or subsequently initiates individual litigation, or other proceedings, against Defendants encompassed by the release contained in the Settlement Agreement.

7.  The Court APPROVES the proposed Workweek Computation Form for use in administering the settlement. Upon receiving a Workweek Computation Form with the Class Notice, Class Members who wish to challenge Defendants' calculation of workweeks for purposes of calculating the appropriate settlement payment, must return a completed Workweek Computation Form to the Claims Administrator, hand-delivered or postmarked, no later than 45 days after the date on which the Class Notice is mailed. Workweek Computation Forms hand-delivered or postmarked after such time shall be deemed untimely and such challenges to Defendants' calculation of workweeks for purposes of calculating the appropriate settlement payment shall be denied. Each Class Member who does not timely opt out of the Settlement will automatically be deemed to participate in the settlement.

8.  The Court ORDERS that each Class Member shall be given a full opportunity to object to the Settlement Stipulation and requests for attorneys' fees, costs, and the Named

Plaintiff's individual settlement payment and enhancement award and to participate at the Final Approval Hearing, which the Parties may set in Courtroom 16 North of this Court on _April 30 2009_ at _10_ a.m./p.m. or some other date of their choosing that is acceptable to the Court and at least 100 days from the date of this Order. The date selected for the Final Approval Hearing must appear in the Class Notice. Any Class Member seeking to object to the Settlement Agreement shall file such objection in writing with the Court and shall serve such objection on Class Counsel and Defendants' Counsel within 45 days of the date on which the Class Notice is mailed. Should any party wish to file a written response to any written objection filed by a Class Member, such response shall be filed within 10 days of the Final Approval Hearing. However, the failure to file a written response shall not bar any party from presenting oral argument or evidence concerning such objection at the Final Approval Hearing. Any Class Member who fails to file and serve a timely written objection shall be foreclosed from objecting to the Settlement, unless otherwise ordered by the Court.

9. If three (3) or more of the Class Members timely opt out of the settlement, Defendants shall have the sole and absolute discretion to withdraw from the settlement within 14 days after it receives a list of opt-out Class Members from the Claims Administrator, subject to the terms and conditions of the Settlement Agreement.

10. The Court recognizes that class certification under this Order is for *settlement purposes only*, and shall not constitute or be construed as a finding by the Court, or an admission on the part of Defendants, that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendants to oppose class certification in this action should the proposed settlement not be granted final approval.

11. The Court hereby conditionally APPROVES the filing of the superseding Second Amended Complaint that is described in the Settlement Agreement. Service of the Second Amended Complaint may be effected by mail service on counsel for Defendants. Defendants may file an answer within 10 days after service. If no answer is filed, the answer on file to the First Amended Complaint shall be deemed Defendants' answer to the Second Amended Complaint. The Court recognizes that an amended complaint is being filed for *settlement purposes only*, and should the proposed Settlement not be granted final approval, then approval of the filing the Second Amended Complaint shall be considered denied *nunc pro tunc*, with the initial Complaint filed in this Action being considered the operative pleading for further litigation purposes.

12. If the Motion for Final Approval of Class Action Settlement (*i.e.*, the Final Approval Hearing) is unopposed, the motion shall be considered timely if Class Counsel files the motion and all supporting papers at least 10 days prior to the hearing date.

**IT IS SO ORDERED:**

Dated: January 20, 2009

HONORABLE JEAN C. HAMILTON

APPROVED AS TO FORM AND CONTENT:

/s/ Todd E. Hilton
George A. Hanson
Richard M. Paul III
Todd E. Hilton
STUEVE SIEGEL HANSON LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101

Eric H. Gibbs
Dylan Hughes
Geoffrey A. Munroe
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846

**CO-COUNSEL FOR PLAINTIFF
PATI JOHNS AND CLASS COUNSEL**

/s/ Kimberly A. Yates
Harry Wellford, Jr.
Kimberly A. Yates
LITTLER MENDELSON, P.C.
2 CityPlace Avenue
Suite 200
St. Louis, MO 63141
Tel: (314) 432-4797
Fax: (314) 432-4796

Margaret Hart Edwards
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
Tel: (415) 433-1940
Fax: (415) 743-6641

Michael Mankes
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
Tel: (617) 378-6000
Fax: (617) 737-0052

**COUNSEL FOR DEFENDANTS
PANERA LLC AND PANERA BREAD
COMPANY**

Dated: January 20, 2009