IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATI JOHNS, individually, and on behalf of a class of other similarly situated employees, )<br>)<br>)<br>)<br>) | Case No.4:08CV1105 (JCH) |
| Plaintiff, )<br>) | Judge:   Hon. Jean C. Hamilton |
| vs. ) | |
| PANERA BREAD COMPANY, et al., )<br>) | |
| Defendants. )<br>)<br>)<br>)<br>) | |

## ORDER GRANTING FINAL
## APPROVAL OF CLASS ACTION SETTLEMENT

This matter having come before the Court on April 30, 2009 for a scheduled Final

Approval Hearing and entry of an Order Re: Final Approval of Class Action Settlement ("Final

Order") and Judgment consistent with the Court's January 20, 2009 Preliminary Approval Order,

and as set forth in the Parties' Class Action Settlement Agreement and Stipulation ("Settlement

Agreement" or "Settlement"), and due and adequate notice having been given to Class Members

as required by the Preliminary Approval Order, and the Court having considered all papers filed

and proceedings herein, and having received no objections to approval of the Settlement, and

determining that the Settlement is fair, adequate and reasonable, and otherwise being fully

informed and good cause appearing therefore, it is hereby **ORDERED, ADJUDGED AND**

**DECREED AS FOLLOWS:**

1.      This Final Order incorporates the Settlement Agreement.   Unless otherwise provided herein, all capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement.   For purposes of this Final Order and the accompanying Judgment, the term "Defendants" shall include the Released Parties.

2.      Consistent with the definitions provided in the Settlement Agreement, the Plaintiff Class consists of all salaried employees who worked for at least one full day as a regular, full-time General Manager at a Panera-owned café located in California between February 22, 2004 and the date the Court enters its order granting preliminary approval of the settlement provided by this Settlement Agreement.   The only person who timely excluded themselves from the Class is Jeannie Dixon.

3.      Because adequate notice has been disseminated and all potential Class Members have been given an opportunity to opt out of this Action, the Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding, including all Class Members.   In addition, the Court has personal jurisdiction over all Class Members with respect to the Action and the Settlement.

4.      Distribution of the Class Notice and the Work Computation Form directed to the Class Members, as set forth in the Settlement Agreement and Notice Plan, has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement as set forth in the Settlement Agreement and fully satisfied the requirements of applicable law.   The

Class Notice also provided due and adequate notice to Class Members of their right to exclude themselves from the Settlement, as well as their right to object to any aspect of the proposed Settlement.

5. The Court hereby finds the Settlement was entered into in good faith and further finds that the Settlement is fair, reasonable, and adequate, and in the best interests of each of the Parties and the Plaintiff Class Members. Named Plaintiff has satisfied the standards and applicable requirements for final approval of this class action Settlement under federal law, including the provisions of Federal Rule of Civil Procedure 23.

6. The Court hereby approves the Settlement as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to the terms outlined in the Settlement Agreement. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations, including mediation. In granting final approval of the Settlement Agreement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement Agreement had no obvious deficiencies and did not improperly grant preferential treatment to any individual Class Member. Accordingly, the Court finds that the Settlement Agreement was entered into in good faith. The Court also finds that the Plaintiff Class is properly certified for settlement purposes only.

Case 4:08-cv-01105-JCH   Document 65-2   Filed 04/30/2009   Page 4 of 8

7.    As of the date of this Final Order, the Named Plaintiff and all Plaintiff Class Members shall be bound by the releases set forth in the Settlement Agreement, regardless of whether such persons received any compensation under the Settlement Agreement. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Final Order who did not timely opt out are hereby forever barred and enjoined from prosecuting or seeking to reopen the Settled Claims, and any other claims released by the Settlement Agreement, against the Released Parties.

8.    Neither the Settlement nor any of the terms set forth in the Settlement Agreement are admissions by Defendants, or any of the other Released Parties, of liability on any of the allegations alleged in the Action, nor is this Final Order a finding of the validity of any claims in the Lawsuit, or of any wrongdoing by Defendants, or any of the other Released Parties.

9.    The Court hereby confirms Stueve Siegel Hanson LLP and Girard Gibbs LLP as Class Counsel, and finds that Class Counsel has adequately represented the Plaintiff Class for purposes of entering into and implementing the Settlement.

10.    The Court hereby finds the $500,000 Gross Settlement Fund provided for under the Settlement to be fair and reasonable. Defendants are required to make all payments necessary to fund the Settlement in accordance with the terms of the Settlement Agreement.

11.    Pursuant to the terms of the Settlement, and the authorities, evidence, and argument set forth in Class Counsel's application, an award of attorneys' fees and expenses in the total amount of $146,887.10 as final payment for and complete satisfaction of any and all attorneys' fees and expenses incurred by and/or owed to Class Counsel is hereby granted. The Court finds that the approved amount of Class Counsel's request falls within the range of

reasonableness and that the result achieved justifies the award. The payment of fees and costs to Class Counsel shall be made from the Gross Settlement Fund in accordance with the terms of the Settlement Agreement.

12.    The Court also hereby approves, and orders payment to, Plaintiff Pati Johns in the amount of $7,500 for her services as class representative and as consideration for providing a general release and waiver of right to reemployment. Payment of this class representative incentive award shall be made from the Gross Settlement Fund in accordance with the terms of the Settlement Agreement.

13.    The Court further approves the payment of up to $25,000 to The Garden City Group, Inc. to cover the costs of administration as provided for in the Settlement Agreement. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement Agreement.

14.    The Court also hereby approves the payment of an amount of $1,000 that shall be paid to the State of California Labor and Workforce Development Agency. This sum is the amount that the parties have agreed is to be paid in settlement of all claims for civil penalties under the Labor Code Private Attorneys General Act of 2004, Labor Code sections 2698, *et seq*.

15.    The Court finds the Net Settlement Fund provided for under the Settlement Agreement to be fair and reasonable. Accordingly, the Court approves and orders the calculations and the payments to be made and administered to the Plaintiff Class in accordance with the terms of the Settlement Agreement. The entirety of the Net Settlement Fund is to be paid to the Plaintiff Class, as provided for in the Settlement Agreement. The Settlement Payments authorized by this paragraph shall be made in accordance with the terms of the

Case 4:08-cv-01105-JCH   Document 65-2   Filed 04/30/2009   Page 6 of 8

Settlement Agreement.

16.     Paragraphs 10-15 of this Final Order cover all Settlement Payments, claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing the Named Plaintiff or other Class Members, or incurred by the Named Plaintiff or the Class Members, or any of them, in connection with or related in any manner to this Action, the Settlement, the administration of the Settlement, and the Settled Claims. Defendants shall not be required to pay any additional amounts in connection with the Settlement other than those amounts specifically set forth in the Settlement Agreement.

17.     If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, then this Final Order and all orders entered in connection herewith, including the accompanying Judgment, shall be rendered null and void and shall be vacated.

18.     Without affecting the finality of the Settlement or accompanying Judgment, this Court shall retain exclusive and continuing jurisdiction over the Parties, including all Class Members, relating to the Action and the administration, consummation, enforcement and interpretation of the Settlement Agreement, this Final Order, the Final Judgment, and for any other necessary purpose.

19.     With respect to Class Members, any and all disputes and claims alleged in the First Amended Complaint and any and all claims released in the Settlement Agreement, including the Settled Claims, are hereby dismissed with prejudice.   With respect to non-California General Managers who are not part of the Plaintiff Class, any and all disputes and claims alleged in the First Amended Complaint are dismissed without prejudice.

20.     The terms of the Settlement Agreement, this Final Order, and the accompanying

Final Judgment are binding on the Named Plaintiff and all other Plaintiff Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings constitute Released Claims as set forth in the Settlement Agreement.

21.    The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Order.

22.    Neither this Final Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession by or against Defendants or the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession as to Defendants' denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Final Judgment and the Settlement Agreement; provided, however, that this Final Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by Defendants or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver,

good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of

claim preclusion, issue preclusion or similar defense or counterclaim.

23.     There is no reason to delay the enforcement of this Order and the accompanying

Judgment.

**IT IS SO ORDERED:**

Dated: _____, 2009         _____
                                         **HONORABLE JEAN C. HAMILTON**
                                         **UNITED STATES DISTRICT COURT JUDGE**